UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEANA S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C24-5483-SKV <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1967, obtained a GED, and has worked as a gambling dealer. AR 37, 63, 81-83. Plaintiff was last gainfully employed in 2012. AR 38-39, 262, 632-33.

Plaintiff previously filed a DIB application that was denied on May 2, 2017. AR 125-39. That decision became administratively final after it was affirmed by the Appeals Council and this Court. *See* AR 605, 666.

1   Plaintiff again protectively filed for DIB on May 29, 2018, alleging disability as of May
2   3, 2017 and with a date last insured (DLI) of December 31, 2017. AR 251, 285. The application
3   was denied initially and on reconsideration, AR 152, 164, and the ALJ held a hearing on October
4   10, 2019, AR 72-121. On February 5, 2020, the ALJ found Plaintiff was not disabled at any time
5   from the May 3, 2017 alleged onset date through the December 31, 2017 DLI. AR 659-68.

6   Plaintiff appealed the 2020 ALJ decision to both the Appeals Council and this Court, and
7   the Court issued an Order on November 5, 2021 remanding the matter for further consideration
8   of the opinion of Dr. Andrew Manista. AR 692-700. The ALJ conducted a hearing on April 18,
9   2023, AR 624-55, and, in a decision dated June 28, 2023, found Plaintiff not disabled from the
10  alleged onset date through the DLI, AR 604-16.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity.

**Step two**: Plaintiff has the following severe impairments: status post myocardial infarction, lumbar degenerative disc disease and degenerative joint disease, and thoracic spine degenerative disc disease.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform light work, except that she can only occasionally: climb ladders, ropes, or scaffolds; crawl; be exposed to vibration, extremes of temperature and humidity; or be exposed to concentrated levels of odors, fumes, gases, dusts, or poorly ventilated areas.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

AR 604-16.

Plaintiff appealed this final decision of the Commissioner to this Court. Dkt. 1. The parties consented to proceed before the undersigned Magistrate Judge. Dkt. 3.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id*.

/ / /

/ / /

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

**DISCUSSION**

Plaintiff argues the ALJ erred in assessing Dr. Manista's opinion and at step five. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A.     The ALJ Did Not Err in Assessing Dr. Manista's Opinion**

Dr. Manista completed a physical assessment form dated July 9, 2018. AR 546-47. He opined Plaintiff's symptoms would frequently interfere with the attention and concentration required to perform simple work-related tasks; that she would need to recline or lie down in excess of typical work breaks; was limited to walking one block and to one hour of sitting and one hour of standing/walking in an eight-hour workday; would need roughly hour-long unscheduled breaks every twenty-to-thirty minutes; could occasionally lift ten pounds, seldom lift twenty pounds, and never lift over twenty-five pounds; could use her hands and fingers no more than fifteen-to-twenty percent of the day, and reach with her arms no more than fifty percent of the day at waist level, occasionally above the shoulder, and never from ground to waist; and was likely to miss work more than four days per month. AR 546-57.

As noted above, the Court vacated the 2020 ALJ decision in relation to Dr. Manista. In that decision, the ALJ deemed the limitation to less than a full range of sedentary work, with no more than one hour of standing or walking, "so restrictive that if accurate, [Plaintiff] would be virtually bedridden." AR 24. The ALJ also found the opinion contrary to physical examination records generally finding Plaintiff in no acute distress, with normal gait, and no deficits in strength or sensation, and the limitation of Plaintiff's hands and fingers directly contrary to therapy records which showed substantial improvement, her performance of her usual range of activities with her hands, and pain symptoms of no more than one on a scale of ten. AR 24. The

1  Court agreed with Plaintiff's assertion that the ALJ mischaracterized the opinion, finding that,
2  while the assessed limitations were significant, they did not suggest Plaintiff was virtually
3  bedridden. AR 696. The Court also found an absence of support provided for the inconsistency
4  finding, noting the ALJ's failure to cite to any specific records contrary to the assessed
5  limitations. *Id*.

6  In the 2023 ALJ decision now under consideration, the ALJ acknowledged Dr. Manista's
7  status as a specialist who personally examined Plaintiff, but found the severity of his opinion not
8  persuasive. AR 613-14. The ALJ found the opinion contrary to physical examination records
9  shortly after the DLI that found Plaintiff in no acute distress, with a normal gait, and with no
10 deficits in strength or sensation. AR 613 (citing AR 362, 367-68). The ALJ further found as
11 follows:

12> Notably, Dr. Manista completed this form seven months after the claimant's [DLI]. The doctor did not opine that this was the claimant's limitations during the
13> period at issue. In fact, Dr. Manista had just examined the claimant on July 7, 2018, after not seeing her since September 2015. [AR 584.] Therefore, the
14> doctor has no objective medical evidence from the period at issue to support his opinion. This opinion is also not persuasive for the period at issue because the
15> claimant told Dr. Manista in July 2018 that she had worsening symptoms over the past six months. [AR 575.] Therefore, this opinion may not at all reflect her
16> functioning prior to the [DLI].

17 AR 613. The ALJ also found Dr. Manista's opinion did not seem consistent with his own July 7,
18 2018 examination findings in which he described Plaintiff as in no acute distress, with a normal
19 gait with no foot drop, minimally decreased 4+/5 strength in one thigh but otherwise full strength
20 throughout, and some mild decreased sensation on the right but otherwise intact. *Id*. (citing AR
21 585). The ALJ noted that Dr. Manista did not report any upper extremity findings to support his
22 opinion of manipulative limitations, and reported no psychiatric findings to support difficulty
23 with attention or concentration. *Id*. The ALJ further found the severity of the opinion not

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

1  consistent with the lack of any ongoing complaints of symptoms and no more than routine care
2  for her spine condition during the period at issue.  AR 613-14.  The ALJ, finally, found no
3  evidence Dr. Manista had reviewed Plaintiff's records from the period at issue to form a
4  comprehensive opinion of functioning.  AR 614.

5        Plaintiff argues the ALJ again mischaracterized Dr. Manista's opinion by focusing on the
6  fact that it occurred after the DLI and the fact Dr. Manista had not assessed her during the
7  relevant period.  She argues the ALJ cherry picked the evidence and ignored Dr. Manista's
8  consideration of visit notes, x-rays, and MRIs dating back to 2012, including x-rays and an MRI
9  from 2016 supporting his opinion.  Dkt. 8 at 5-6 (citing AR 585).  Plaintiff also contends that the
10 ALJ cited to only a single exhibit and page and therefore again failed to provide sufficient
11 evidence to allow for the Court's meaningful review.  She further broadly asserts that the ALJ
12 erred in failing to provide adequate reasons for rejecting Dr. Manista's opinion.

13       Under regulations applicable to this case, the ALJ is required to articulate the
14 persuasiveness of each medical opinion, specifically with respect to whether the opinions are
15 supported and consistent with the record.  20 C.F.R. § 404.1520c(a)-(c).  The "supportability"
16 factor addresses the relevance of the objective evidence presented in support of an opinion, as
17 well as the "supporting explanations" provided by the medical source.  20 C.F.R. §
18 404.1520c(c)(1).  The "consistency" factor examines the consistency of the opinion with
19 evidence from other medical and nonmedical sources.  20 C.F.R. § 404.1520c(c)(2).  The more
20 consistent an opinion is with that other evidence, the more persuasive it will be.  *Id*.  An ALJ's
21 consistency and supportability findings must be supported by substantial evidence.  *See Woods v.*
22 *Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

23

1       The ALJ here properly addressed both supportability and consistency in explaining why he did not find Dr. Manista's opinion persuasive. Specifically, the ALJ found inconsistency between the opinion and both medical records in close proximity to the time period at issue in this case and Dr. Manista's own examination findings, as well as an absence of support for the opinion in both the objective medical evidence of record and in Dr. Manista's own findings and review of the record. The ALJ, in so doing and contrary to Plaintiff's contention, cited to several different medical records in support of his conclusions. *See* AR 613 (citing AR 362, 367-68, 575, 584).[3]

The ALJ did not mischaracterize Dr. Manista's opinion. In order to be eligible for DIB, a claimant must establish disability on or before his or her DLI. 20 C.F.R. §§ 404.131, 404.321. In this case, the ALJ accurately clarified that, because Plaintiff alleged disability beginning May 3, 2017 and with a DLI of December 31, 2017, she had to establish disability within that seven-month period. AR 611. The ALJ also appropriately considered the fact that Dr. Manista offered his opinion seven months after the DLI, with no indication it dated back to the relevant period, and that he had last seen Plaintiff in September 2015, over two-and-a-half years before offering his December 2017 opinion. The ALJ likewise appropriately considered the fact that, at the time Dr. Manista offered his opinion, Plaintiff reported deterioration of her condition beginning just after the relevant time period expired. *See* AR 584 (July 7, 2018: "She is here today to follow up regarding her low back pain. Her symptoms have worsened over the last 6 months[.]")

Nor is there any basis for concluding that the ALJ ignored or cherry picked evidence. The ALJ acknowledged the evidence predating the relevant time period. He specifically noted

---

[3] The Court also notes that Plaintiff's Reply Brief quotes from and raises arguments in relation to the assessment of Dr. Manista's opinion in the 2020 ALJ decision, not the 2023 ALJ decision now at issue. *See* Dkt. 11 at 2-3 (quoting and discussing AR 24).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

that medical evidence associated with Plaintiff's disorders of the spine indicated they were "present as of the prior unfavorable decision," and "had not worsened significantly during the current alleged period of disability." AR 612. Indeed, and as the Commissioner observes, the 2016 imaging referenced by Dr. Manista in the 2018 examination was evaluated in the 2017 ALJ decision finding Plaintiff not disabled. *See* AR 132-33 (discussing June 16, 2016 MRI showing "degenerative disc disease and protrusions at L4-5 and L3-4, minimal indention by protruded disc on transitioning right L5 nerve root at L4-5, and no significant spinal canal stenosis or definitive nerve root compression.") The ALJ also discussed the evidence dated after the alleged onset date and postdating the DLI, including records dated shortly after the DLI and found inconsistent with Dr. Manista's opinion, and found that evidence did not support any greater limitations than those included in the RFC. AR 612-14.

Plaintiff does not, in sum, identify any error in the ALJ's consideration of Dr. Manista's opinion. The ALJ's reasoning is both rational and supported by substantial evidence, and therefore properly affirmed.

### B. The ALJ Did Not Err at Step Five

Plaintiff notes that, at step five, the ALJ relied on the vocational expert (VE) testimony taken at the 2019 hearing, asserts that the ALJ refused to pose hypotheticals to or question the VE at the 2023 hearing, and argues harmful legal error in the failure to elicit testimony from that VE regarding the accuracy of the job numbers cited by the prior VE. Plaintiff points to recent emergency messages (EM) in which the Social Security Administration found various occupations either obsolete or requiring additional evidence. EM-24026 and EM-24027.

The ALJ did rely on the 2019 VE testimony in finding Plaintiff could perform other jobs existing in significant numbers in the national economy, including the positions of marker,

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8

garment sorter, and mail sorter. *See* AR 115-17, 614-15. The ALJ did not, however, "refuse" to take more testimony or preclude Plaintiff's counsel from doing so. The ALJ stated he did not "feel the need" to ask questions and could "stand on" the VE testimony previously provided, and Plaintiff's counsel, when provided the opportunity by the ALJ, similarly indicated she had no questions for the VE. AR 653.

Nor does Plaintiff otherwise demonstrate error in the ALJ's reliance on the 2019 VE testimony. Plaintiff does not show or even assert that any of the occupations at issue in the above-described emergency messages were relied on by the ALJ at step five. Plaintiff further fails to set forth any other basis to question the validity of the evidence relied on by the ALJ. As the Commissioner observes, the 2020 and 2023 ALJ decisions contain the same RFC, and consideration of the same educational level, work experience, and age category. *See* AR 21-25, 610-15. The ALJ, under these circumstances, reasonably relied on the 2019 VE testimony and his step five decision has the support of substantial evidence.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 3rd day of February, 2025.

S. KATE VAUGHAN
United States Magistrate Judge